IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01662-BNB

ROBERT SCHWARTZ,

    Applicant,

v.

PAMELA PLOUGHE, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Robert Schwartz is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Schwartz has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction and sentence in Denver District Court case number 88CR2063. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Schwartz previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. *See Schwartz v. Neal*, No. 03-cv-01423-ZLW-CBS (D. Colo. Aug. 15, 2005), *appeal dismissed*, 175 F. App'x 265 (10th Cir. May 18, 2006); *Schwartz v. Keith*, No. 06-cv-01456-ZLW (D. Colo. Sept. 15, 2006). In 03-cv-01423-ZLW-CBS, Mr. Schwartz challenged the validity of the same state court conviction he is challenging in the instant action. The habeas corpus application in 03-cv-01423-ZLW-CBS was denied with prejudice after the Court determined that Mr. Schwartz failed to

exhaust state remedies for all but one of his claims, that the unexhausted claims were procedurally barred, and that the one exhausted claim lacked substantive merit. In 06-cv-01456-ZLW, Mr. Schwartz again challenged the validity of the same state court conviction he is challenging in this action. The Court transferred 06-cv-01456-ZLW to the United States Court of Appeals for the Tenth Circuit because Mr. Schwartz had not obtained the necessary authorization to file a second or successive application for a writ of habeas corpus. Following the transfer, the Tenth Circuit denied authorization to file a second or successive application. *See Schwartz v. Keith*, No. 06-1411 (10th Cir. Nov. 13, 2006). Because the Court dismissed Mr. Schwartz' claims in 03-cv-01423-ZLW-CBS on the merits, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Schwartz must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient

to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Schwartz does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Schwartz fails to provide a clear statement of each of his claims in the application. However, it appears that many of the claims raised by Mr. Schwartz lack merit because they are not even federal constitutional claims. In particular, Mr. Schwartz' claims challenging various aspects of the state court postconviction proceedings lack merit because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (stating that a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim"); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.

3

1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

To the extent Mr. Schwartz is asserting claims that challenge the validity of his 1993 conviction and sentence, it appears that those claims are barred by the one-year limitation period. It also appears that some of Mr. Schwartz' claims challenging the validity of his conviction and sentence were raised previously and may not be raised again. *See* 28 U.S.C. § 2244(b)(1). Finally, if Mr. Schwartz is asserting any claims relevant to the validity of his conviction and sentence that have not been raised in a prior action in this Court, there is no indication that such claims are filed in good faith because it was clear when Mr. Schwartz filed this action that the Court lacked jurisdiction. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, this 29 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01662-BNB

Robert Schwartz
Prisoner No. 60801
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk